# WASHINGTON COUNTY,

## June Term, 1795.

### WILLIAM KERR v. JAMES WORKMAN.

1795. THERE was a difpute between the parties about the property of two hogs, which both claimed, and *Kerr* killed. At *December* feffions, 1792, in *Wafhington* county, *Workman* procured a bill of indictment to be fent up and found againft *Kerr*, for ftealing the hogs. When, at a fubfequent feffions, this indictment was propofed to be tried, the attorney for the ftate gave up the profecution, declaring that the evidence would not fupport an indictment for larceny, however it might fupport an action of trefpafs; and he entered a *nolle profequi. Kerr* then brought an action on the cafe for a malicious profecution. At the trial of this action, it was proved, that, before the bill for larceny was fent up, *Workman* had been repeatedly informed by the attorney for the ftate, and by others to whom he applied, that an indictment was not the proper remedy, but an action only; yet he perfifted in profecuting for ftealing.

PRESIDENT. As it has been faid, that in an indictment for murder, I will fay, that in a declaration for a malicious profecution, or in ftating, that exprefs malice is neceffary generally to fupport it, I apprehend the word *malice* has a technical meaning, and is not to be confidered, as in the common converfation or claffical fenfe. Any profecution carried on knowingly, wilfully, and wantonly or obftinately, for no purpofe or end of juftice or redrefs, but merely to the vexation of the perfon profecuted, I conceive to be malicious.

The finding of the grand jury, that a bill is true, ought not to be confidered as fufficient to fhew probable caufe, if fuch finding was on the evidence of the defendant in this action.

Verdict for the plaintiff, 12*l.* 10*s.*